Xudge Buckner,
delivered the opinion of the court.
This was a suit in chancery, instituted by McCallister, to be relieved against a judgment at law, recovered against him by Dugan’s administrators, on a bond .executed by him, to their intestate,-for. the conveyance-of a tract of land. The bill seeks an allowance-for the rents and profits of the land, during the time that Ddgan had the possession .of it; and..insists that the judgment-was for a higher sum than.it ought to have been, according to.a written contract- between McCallister and Dugan, which he could not plead at law.
The circuit court decreed a perpetual injunction against the judgment at law, except as to $‘408 334 cents, with interest thereon, from the date of - the com *572 mon law judgment. For that sum it was dissolved, with damages on the said sum of ‡408 33¿ cents, and the interest. Each party prayed an appeal. That taken by McCallister was dismissed, on account of his failure to file the record within proper time, and he prosecutes this writ of error.
On dissolution of injunction, error to give damages on interest accruing subsequent to the rendition of tli.e judgment at law.
Mills and Brown, for McCallister; Richardson and Triplett, for Dugan’s administrators.
We have not perceived any well founded objection to the decree, except as to the damages allowed on the interest. As to that, it is erroneous; see the case of Bartlett vs. Blanton, IV J. J. Marshall, 432. In other respects, we are of opinion, that from the proof in the cause, the justice of the case has been reached, and shall not, therefore, disturb it.
For the reasons mentioned, the decree must be reversed, and the cause remanded, fora decree to be entered in pursuance of this opinion.